JEFFREY VAN KENT, OSB #214271
Van Kent Law, LLC
PO Box 83567
Portland, OR 97283
Tel: (503) 893-5545
Fax: 1 (503) 300-6199
E-mail: Jeffrey@vankentlaw.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HAYLEE ROSE DAVIDSON; ERIC DAVIDSON<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM FORD, JR.; CEDAR AVENUE LLC<br><br>Defendants. | Case No.: 3:22-cv-01883<br><br>**COMPLAINT**<br><br>Housing Discrimination (42 U.S.C. §§ 3604; ORS 659A.421),<br><br>Oregon Residential Landlord and Tenant Act (Retaliation - ORS 90.385),<br><br>Battery, Intentional Infliction of Emotional Distress, Negligence, Intentional Interference with Economic Relations.<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

# INTRODUCTION

Plaintiffs rented and lived together in a unit ("Rental Home") at Defendants' duplex ("Duplex"). Plaintiff Haylee Rose Davidson worked as a caregiver of Plaintiffs' neighbor in the Duplex. From the beginning of Plaintiffs' tenancy, Defendant William Ford regularly made racist insults toward Plaintiff Eric Davidson, exposed his genitals to both Plaintiffs, and used his position as Plaintiffs' landlord to threaten and coerce them. These actions included coercing both Plaintiffs to rub moonshine (alcohol) onto his naked back and buttocks. Ultimately, Defendant's actions caused Ms. Davidson's employer to end its business-client relationship with her neighbor and caused Ms. Davidson to lose her employment. Plaintiffs seek damages, attorney fees, and costs because of the unlawful discrimination, violations of Oregon's landlord-tenant laws, battery, intentional infliction of emotional distress, negligence, and intentional interference with economic relations.

# JURISDICTION

1. This Action arises, in part, under the Fair Housing Act and this Court has jurisdiction over actions brought under the Fair Housing Act pursuant to 42 U.S.C. § 3613(a)(1)(A).
2. Additionally, this Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and to 28 U.S.C. § 1343 (a)(4), as it arises under an Act of Congress providing for the protection of civil rights.
3. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims, as they are so related to the claims within the Court's original jurisdiction that they form part of the same case and controversy.
4. This Court has personal jurisdiction over the parties as follows: Plaintiffs Davidson and Davidson, as residents of Oregon City, Oregon; Defendant Ford, as a resident of Milwaukie, Oregon; Defendant Cedar Avenue LLC, as an Oregon domestic limited liability corporation

with its principal place of business and headquarters in Milwaukie, Oregon. FRCP 4(k)(1)(A).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) given that: Defendant Ford resides in Clackamas County, Oregon, and Defendant Cedar Avenue LLC has a registered agent in Multnomah County, Oregon, has an established place of business and headquarters in Clackamas County, Oregon, and conducts regular business in Clackamas County, Oregon. In addition, all the events giving rise to Plaintiffs' claims occurred in Clackamas County or Multnomah County, Oregon.

## PARTIES

6. Plaintiff Haylee Rose Davidson, spouse of Plaintiff Eric Davidson, is a resident of Oregon City, Oregon, and rented and lived in Defendants' Duplex in Milwaukie, Oregon, from approximately December 5, 2021, until approximately August 4, 2022.

7. Plaintiff Eric Davidson, spouse of Plaintiff Haylee Rose Davidson, is a resident of Oregon City, Oregon, and rented and lived in Defendants' Duplex in Milwaukie, Oregon, from approximately December 5, 2021, until approximately August 4, 2022.

8. Defendant Ford entered into a written lease agreement with Plaintiffs for the rental of the Duplex in Milwaukie, Oregon, on approximately December 5, 2021; is and was at all relevant times a resident of Clackamas County, Oregon; and is and at all relevant times was the member-manager of Defendant Cedar Avenue LLC.

9. Defendant Cedar Avenue LLC is and at all relevant times was an Oregon domestic limited liability corporation with its principal place of business and headquarters in Clackamas County, Oregon, and owns and at all relevant times owned the Duplex in Milwaukie, Oregon.

## FACTS

10. Mr. Davidson is of Asian descent and presents as such.
11. Ms. Davidson is a female and presents as such.

12. Mr. Ford is a white male.

13. On approximately December 5, 2021, Mr. Ford rented the Rental Home located at 14015 SE Cedar Avenue, Milwaukie, Oregon, to Plaintiffs for a monthly rent of $1,250, pursuant to a written rental agreement (the "Lease").

14. On December 6, 2021, Mr. Ford asked Mr. Davidson to return a Rental Home key that Mr. Davidson was using to make copies. Over the phone, Mr. Davidson told Mr. Ford that neither he nor Ms. Davidson could return the key immediately because they were working. Mr. Ford responded by stating he always has problems with "you people" when it comes to business and that [N-word]s don't know how to conduct proper business.

15. On or before December 10, 2021, Mr. Ford requested that Ms. Davidson pick up a pie for him at the grocery store. Ms. Guiterres was unable to get the type of pie requested because the store did not have that type of pie. When Ms. Davidson informed Mr. Ford about the pie he accused her of lying and told her to get out of the Rental Home.

16. On December 10, 2021, Mr. Ford also sent a text message to Mr. Davidson stating picking up a pie "is part of why y'all's rent is so low" and "[y]our rent will go up to $1,300."

17. Also on December 10, 2021, Mr. Davidson had a follow-up phone call with Mr. Ford regarding the pie incident. During that phone call, Mr. Ford called Mr. Davidson a dirty lying [N-word]. Mr. Ford also told Mr. Davidson that he is nothing but an immigrant; it won't take much for Mr. Ford to remove him from the premises; all Mr. Ford had to do is make a phone call to Immigration and it will be over; and the Davidsons had to get off his property or Mr. Ford would forcibly remove them.

18. In March 2022, Ms. Davidson reported to work as a caregiver of Annie Heberts, who lived next-door to her in the other unit of the Duplex. Upon entering she found Mr. Ford sleeping naked on an air mattress in the living room. Ms. Davidson went to Ms. Heberts' bedroom to assist her. Ms. Davidson also requested that Ms. Heberts ask Mr. Ford to put on his clothes.

19. Mr. Ford ignored the request and, instead, put his clothes in the oven. Ms. Davidson told Mr. Ford that putting clothes in the oven was unsafe. In response he told her to mind her own business and make his coffee.

20. After she made his coffee, Mr. Ford handed Ms. Davidson a spray bottle and asked her to follow him into the bathroom. He told her to open a package of microfiber wipes, spray the unknown substance on the wipes, and rub the substance onto his naked back and buttocks. She said she was uncomfortable with this, and Mr. Ford replied that she has cheap rent for a reason. Under a state of duress for fear of retribution, Ms. Davidson proceeded to rub him down as requested.

21. Later, Ms. Heberts informed Ms. Davidson that the substance she wiped onto Mr. Ford's body was a type of moonshine (alcohol).

22. On or about March 30, 2022, Mr. Davidson informed Mr. Ford by phone that he would be late on rent due to a loss of wages from Covid-19. In response, Mr. Ford stated that Mr. Davidson is nothing but a liar and never holds to his word; that white people never have these problems; that Mr. Ford only ever has problems with rent being late from [N-word] and [S-word used to disparage Spanish-speaking individuals]; that "you people" are all the same; that Mr. Davidson should go back to his country if he can't afford the rent; and that he will evict Mr. Davidson if he can't afford to pay rent.

23. After Mr. Ford's barrage of insults, Mr. Ford eventually agreed to allowing Plaintiffs to pay partial rent for April on time and the remainder on April 10, 2022.

24. On April 10, 2022, when Mr. Davidson visited Mr. Ford's home to pay rent, Mr. Ford walked around his home naked and asked Mr. Davidson to rub moonshine onto Mr. Ford's back and buttocks. Mr. Davidson refused to do so. In response, Mr. Ford stated that Mr. Davidson was made for that kind of work. When Mr. Davidson said he was leaving, Mr. Ford stated that he will add $50 to Mr. Davidson's rent next month.

25. In mid-May 2022, Mr. Davidson rented a HEPA air filtration device to Mr. Ford for Mr. Ford's personal use at his home.

26. On or about May 18, 2022, Mr. Ford requested that Mr. Davidson bring him replacement filters for the rented air filtration device. Mr. Davidson told Mr. Ford that he would give him a call to set up a time to drop off the filters. In response, Mr. Ford became upset. He called Mr. Davidson a lying "[N-word] piece of shit" and told Mr. Davidson that he owed Mr. Ford clean air and needed to bring the filters immediately.

27. In early June 2022, while Mr. Davidson was at Mr. Ford's house, Mr. Ford again asked Mr. Davidson to rub moonshine on his naked back and buttocks. For fear of retribution, Mr. Davidson acquiesced to the request.

28. On June 29, 2022, Ms. Davidson reported to work at Ms. Heberts' unit, where Mr. Ford was present and naked once again. Ms. Davidson again requested that Ms. Heberts ask Mr. Ford to put on clothes. In response, Mr. Ford became visibly agitated and did not put on clothes. Ms. Davidson told Mr. Ford that she refused to work if he did not put on clothes. In response, Mr. Ford said that Ms. Davidson would be breaching a contract if she didn't work. Mr. Ford also said that he would evict Ms. Davidson right after she came to her senses and made his "goddamn coffee."

29. Immediately following the June 29 conversation between her and Mr. Ford, Ms. Davidson called her employer to report the incident. In response, her employer dropped Ms. Heberts as a client, thereby leaving Ms. Davidson without gainful employment.

30. Also immediately following the June 29 conversation, Mr. Ford sent a text message to Mr. Davidson stating, "Rent increase notice This is your 90 day notice for a rent increase."

31. Also on the morning of June 29, 2022, the Davidsons' then 7-year old daughter went to visit Ms. Heberts for breakfast as she had many mornings. As she approached the door she came upon Mr. Ford naked in the doorway smoking a cigarette. He told her she was breaking in.

She ran home terribly upset to tell Mr. Davidson there was a naked stranger and she was sorry for breaking in and didn't want to go to jail.

32. Mr. Davidson then went to Ms. Heberts to confront Mr. Ford about the incident. During the conversation Mr. Ford told Mr. Davidson he is "threatening you living there" and "you are going to move anyway, I promise you that."

33. Later that morning the Davidsons made a police report regarding Mr. Ford's exposure to their daughter.

34. Due to Ms. Davidson's loss of income stemming from Mr. Ford's refusal to wear clothes at Ms. Heberts' unit, the Davidsons were unable to make their July rent payment.

35. On August 4, 2022, the Davidsons vacated the Rental Home to escape Mr. Ford and spent some nights on a relative's couch before finding housing in Ms. Davidson's parents' basement.

36. From June 29, 2022, through at least July 7, 2022, Ms. Davidson was unemployed and had a loss of income.

37. As a result of Mr. Ford's racist insults to Mr. Davidson, his coercive behavior, and his threats regarding Mr. Davidson's housing, Mr. Davidson experienced substantial emotional distress and mental suffering, including but not limited to stress, anger, shame, humiliation, inconvenience, and interference with daily activities that physically manifested itself in the form of sleeplessness, among other things. And because of Mr. Ford's harm to Ms. Davidson, Mr. Davidson experienced a loss of consortium.

38. As a result of Mr. Ford's racist insults to Mr. Davidson, his coercive behavior, his threats regarding Ms. Davidson's housing, his interference with her job, his intimidation of her, Ms. Davidson experienced substantial emotional distress and mental suffering, including but not limited to stress, anger, shame, humiliation, anxiety, depression, inconvenience, and interference with daily activities that physically manifested itself in the form of

stomachaches, loss of appetite, and sleeplessness, among other things. And because of Mr. Ford's harm to Mr. Davidson, Ms. Davidson experienced a loss of consortium.

39. Additionally, Mr. Ford aggravated Ms. Davidson's previously well-managed clinical depression and anxiety, resulting in Ms. Davidson having to start a regiment of medications to manage her conditions. Those medications had detrimental side effects including but not limited to high blood pressure and digestive problems.

**CLAIMS FOR RELIEF**

**Plaintiffs' First Claim for Relief**

**(42 U.S.C. § 3604 – Race Discrimination)**

40. Plaintiffs reallege the paragraphs above and incorporate them herein.

41. In violation of 42 U.S.C. § 3604, Mr. Ford discriminated against Mr. Davidson in the terms, conditions, or privileges of his rental of the Rental Home, or in the provision of services or facilities in connection therewith, because of race, color, or national origin when he subjected Mr. Davidson to racist insults, threatened his housing, and coerced him to rub liquid on Mr. Ford's naked body.

42. Mr. Ford's conduct constitutes both quid pro quo and hostile environment harassment as defined by 24 C.F.R. § 100.600.

43. Cedar Avenue LLC is vicariously liable for Mr. Ford's violation of 42 U.S.C. § 3604 because Mr. Ford, an agent or employee of Cedar Avenue LLC, was acting within the scope of his employment or actual, implied, or apparent authority at the time he violated 42 U.S.C. § 3604.

44. As a result of Defendants' discriminatory acts, Mr. Davidson is entitled to damages in an amount to be determined at trial and attorney fees and costs pursuant to 42 U.S.C. § 3613(c)(2).

## Plaintiffs' Second Claim for Relief

## (ORS 659A.421 – Race Discrimination)

45. Plaintiffs reallege the paragraphs above and incorporate them herein.

46. In violation of ORS 659A.421(2)(c), Mr. Ford interfered with Mr. Davidson's use or enjoyment of the Rental Home by intentionally discriminating against him on the basis of his race, color, or national origin and by creating or attempting to create an intimidating, hostile, or offensive environment, when he subjected Mr. Davidson to racist insults, threatened his housing, and coerced him to rub liquid on Mr. Ford's naked body.

47. Cedar Avenue LLC is vicariously liable for Mr. Ford's violation of ORS 659A.421(2)(c), because Mr. Ford, an agent or employee of Cedar Avenue LLC, was acting within the scope of his employment or actual, implied, or apparent authority at the time he violated ORS 659A.421(2)(c).

48. As a result of Defendants' discriminatory acts, Mr. Davidson is entitled to damages in an amount to be determined at trial and attorney fees and costs pursuant to ORS 659A.885.

## Plaintiffs' Third Claim for Relief

## (42 U.S.C. § 3604 – Sex Discrimination)

49. Plaintiffs reallege the paragraphs above and incorporate them herein.

50. In violation of 42 U.S.C. § 3604, Mr. Ford discriminated against Ms. Davidson in the terms, conditions, or privileges of his rental of the Rental Home, or in the provision of services or facilities in connection therewith, because of her sex when he exposed his genitals to her, harassed and bullied her, threatened her housing, and coerced her to rub liquid on his naked body.

51. Mr. Ford's conduct constitutes both quid pro quo and hostile environment harassment as defined by 24 C.F.R. § 100.600.

52. Cedar Avenue LLC is vicariously liable for Mr. Ford's violation of 42 U.S.C. § 3604 because

Mr. Ford, an agent or employee of Cedar Avenue LLC, was acting within the scope of his employment or actual, implied, or apparent authority at the time he violated 42 U.S.C. § 3604.

53. As a result of Defendants' discriminatory acts, Ms. Davidson is entitled to damages in an amount to be determined at trial and attorney fees and costs pursuant to 42 U.S.C. § 3613(c)(2).

### Plaintiffs' Fourth Claim for Relief
### (ORS 659A.421 – Sex Discrimination)

54. Plaintiffs reallege the paragraphs above and incorporate them herein.
55. In violation of ORS 659A.421(2)(c), Mr. Ford interfered with Ms. Davidson's use or enjoyment of the Rental Home by intentionally discriminating against her on the basis of sex and by creating or attempting to create an intimidating, hostile, or offensive environment, when he exposed his genitals to her, harassed and bullied her, threatened her housing, and coerced her to rub liquid on his naked body.
56. Cedar Avenue LLC is vicariously liable for Mr. Ford's violation of ORS 659A.421(2)(c), because Mr. Ford, an agent or employee of Cedar Avenue LLC, was acting within the scope of his employment or actual, implied, or apparent authority at the time he violated ORS 659A.421(2)(c).
57. As a result of Defendants' discriminatory acts, Ms. Davidson is entitled to damages in an amount to be determined at trial and attorney fees and costs pursuant to ORS 659A.885.

### Plaintiffs' Fifth Claim for Relief
### (ORS 90.385 – Landlord Retaliation)

58. Plaintiffs reallege the paragraphs above and incorporate them herein.
59. In violation of ORS 90.385, Mr. Ford retaliated against Plaintiffs by decreasing services and

threatening to bring an action for possession after Plaintiffs made good faith complaints regarding the tenancy and performed or expressed intent to perform any act for the purpose of asserting, protecting or invoking the protection of any right secured to tenants under any federal, state or local law.

60. Cedar Avenue LLC is vicariously liable for Mr. Ford's violation of ORS 90.385, because Mr. Ford, an agent or employee of Cedar Avenue LLC, was acting within the scope of his employment or actual, implied, or apparent authority at the time he violated ORS 90.385.

61. As a result of Defendants' retaliation, Plaintiffs are entitled to damages in an amount to be determined at trial and attorney fees and costs pursuant to ORS 90.255.

**Plaintiffs' Sixth Claim for Relief**

**(Battery)**

62. Plaintiffs reallege the paragraphs above and incorporate them herein.

**Count One: Battery on Ms. Davidson**

63. In March 2022, Mr. Ford intended to and in fact caused harmful or offensive physical contact with Ms. Davidson by way of coercion when he implicitly threatened to raise her rent, or otherwise threaten her housing, or engage in further harassment of her, if she did not rub moonshine onto his naked back and buttocks.

64. Cedar Avenue LLC is vicariously liable for Mr. Ford's battery on Ms. Davidson, because Mr. Ford, an agent or employee of Cedar Avenue LLC, was acting within the scope of his employment or actual, implied, or apparent authority at the time he violated committed the act.

65. As a result of Defendants' battery, Mr. Davidson is entitled to damages in an amount to be determined at trial.

///

///

### Count Two: Battery on Mr. Davidson

66. In June 2022, Mr. Ford intended to and in fact caused harmful or offensive physical contact with Mr. Davidson by way of coercion when Mr. Ford implicitly threatened to raise his rent, or otherwise threaten his housing, or engage in further harassment of him, if he did not rub moonshine onto Mr. Ford's naked back and buttocks.

67. Cedar Avenue LLC is vicariously liable for Mr. Ford's battery on Mr. Davidson, because Mr. Ford, an agent or employee of Cedar Avenue LLC, was acting within the scope of his employment or actual, implied, or apparent authority at the time he violated committed the act.

68. As a result of Defendants' battery, Mr. Davidson is entitled to damages in an amount to be determined at trial.

### Plaintiffs' Seventh Claim for Relief
### (Intentional Infliction of Emotional Distress)

69. Plaintiffs reallege the paragraphs above and incorporate them herein.

70. Mr. Ford intentionally inflicted severe emotional distress on Plaintiffs by way of extreme and outrageous conduct when he regularly exposed his genitals to them, coerced them into rubbing his naked back and buttocks, made threats regarding their housing, interfered with Ms. Davidson's employment, and made racist comments and otherwise harassed and bullied them, among other acts.

71. Cedar Avenue LLC is vicariously liable for Mr. Ford's conduct, because Mr. Ford, an agent or employee of Cedar Avenue LLC, was acting within the scope of his employment or actual, implied, or apparent authority at the time he committed the relevant acts.

72. As a result of Defendants' conduct, Plaintiffs are entitled to damages in an amount to be determined at trial.

///

## Plaintiffs' Eighth Claim for Relief

### (Negligence)

73. Plaintiffs reallege the paragraphs above and incorporate them herein.

74. Mr. Ford breached the duties he owed to Plaintiffs as their landlord when he regularly exposed his genitals to them, coerced them into rubbing his naked back and buttocks, made threats regarding their housing, interfered with Ms. Davidson's employment, exposed his genitals to their daughter, and made racist comments and otherwise harassed and bullied them, among other acts.

75. Cedar Avenue LLC is vicariously liable for Mr. Ford's negligence, because Mr. Ford, an agent or employee of Cedar Avenue LLC, was acting within the scope of his employment or actual, implied, or apparent authority at the time he committed the relevant acts.

76. As a result of Defendants' negligence, Plaintiffs were injured and are entitled to damages in an amount to be determined at trial.

## Plaintiffs' Ninth Claim for Relief

### (Intentional Interference with Economic Relations)

77. Plaintiffs reallege the paragraphs above and incorporate them herein.

78. Mr. Ford intentionally interfered with Ms. Davidson's contractual relationship with her employer when he created a hostile working environment for Ms. Davidson by harassing and bullying her, refusing to wear clothes, and coercing her into rubbing his naked body, thereby causing Ms. Davidson to lose her employment.

79. Cedar Avenue LLC is vicariously liable for Mr. Ford's interference, because Mr. Ford, an agent or employee of Cedar Avenue LLC, was acting within the scope of his employment or actual, implied, or apparent authority at the time he committed the relevant acts.

80. As a result of Defendants' interference, Ms. Davidson is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

Award judgments in favor of Plaintiffs and against Defendants for:

a. Compensatory and punitive damages to be determined at trial;

b. Costs and reasonable attorney fees, pursuant to 42 U.S.C. § 3613(c)(2), ORS 659A.885, and ORS 90.255; and

c. Such other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED this 5th day of December 2022

*/s/ Jeffrey Van Kent*
Jeffrey Van Kent, OSB No. 214271
Email: Jeffrey@vankentlaw.com
PO Box 83567
Portland, OR 97283
(503) 893-5545

Attorney for Plaintiffs